UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JACQUELYN CALLEGAN-SALVATO

VERSUS                                      CIVIL ACTION NO. 11-427-JJB-SCR

NOTTOWAY PLANTATION, INC.

**RULING ON MOTION TO DISMISS**

The matter before the Court is a motion (Doc. 8) filed by defendant Nottoway Plantation, Inc. ("Nottoway") to dismiss plaintiff Jacquelyn Callegan-Salvato's ("Salvato") Title VII claim of sexual harassment. Salvato filed an opposition (Doc. 9). Oral argument is unnecessary. The Court has jurisdiction under 28 U.S.C. § 1331.

### I.  Factual Allegations

The Court takes as true the following allegations in Salvato's complaint. (Doc. 1). Nottoway Plantation is a resort that provides multi-purpose facilities for events. Neil Castaldi ("Castaldi") is the manager of Nottoway. Plaintiff met Castaldi in January 2011 and offered her services as an event planner for Nottoway. During the next two months, plaintiff and Castaldi had numerous unwanted encounters involving sexual remarks, innuendo, touching of her hands and breasts, and kissing. Plaintiff alleges Castaldi, in the course of his employment, engaged or attempted to engage in these various activities despite plaintiff's repeated refusals and rebuffs. At one point, plaintiff alleges Castaldi offered to pay her $1000 to see her naked. Plaintiff made Castaldi aware that she was married and looking on to become his work associate, not his sexual partner.

She further alleges that in the course of her interactions with Castaldi, she performed work for Nottoway, including: picking up business cards paid for by Nottoway

and distributing them to promote Nottoway (Doc. 1, ¶ 10); consult with Castaldi about a wedding setup and the business cards (*id.*, ¶ 11); performed notary and title work with Castaldi on the Nottoway grounds (*id.*, ¶¶ 12, 15); and planned a wine dinner for which she submitted an invoice at Castaldi's direction (¶ 17) but received no payment (¶¶ 21-22).

## II. Motion to Dismiss Standard

Pursuant to Fed. Rule Civ. P. 12(b)(6), on a motion to dismiss for failure to state a claim, the Court accepts all well-pleaded, non-conclusory facts in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint that pleads facts merely consistent with a defendant's liability "stops short of the line between possibility and plausibility." *Id.* at 557. When well-pleaded factual allegations populate the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950. Courts may consider not only the complaint itself, but also documents attached to the complaint or documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). The facts in the complaint are viewed collectively, not scrutinized in strict isolation. *Id.*

## III. Discussion

The sole issue presented in Nottoway's motion to dismiss is whether Salvato was an employee or job applicant as contemplated by Title VII. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, prohibits discriminatory employment practices. While sexual harassment is neither mentioned nor defined in Title VII, the Fifth Circuit and other courts have nevertheless recognized it as a type of proscribed sexual discrimination. *See, e.g., Simmons v. Lyons*, 746 F.2d 265, 270 (5th Cir. 1984). 42 U.S.C. § 2000e-2(a) defines "unlawful employment practice" as follows:

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

The statute thus makes clear that sexual harassment protection extends to job applicants as well as actual employees.

The Equal Employment Opportunity Commission was granted by Congress the authority to issue rules and regulations to carry out its responsibilities to administer Title VII. 42 U.S.C. § 2000e-16(b); *Simmons*, 746 F.2d at 270. The EEOC issued Uniform Guidelines on Employee Selection Procedures in order to effectuate the policies of Title VII, as well as various "questions and answers" to clarify the meaning of the Guidelines. *See* 43 Fed.Reg. 38290 (Uniform Guidelines); 44 Fed.Reg. 11996 (clarifying questions and answers to interpretation of Uniform Guidelines). "These regulations are 'entitled to great deference' by the courts." *Simmons*, 746 F.2d at 269 (quoting *Albemarle Paper*

*Co. v. Moody*, 422 U.S. 405, 431 (1975). Pursuant to this statutory grant of authority, the EEOC and associated agencies have defined "applicant" as follows:

> The precise definition of the term "applicant" depends upon the user's recruitment and selection procedures. The concept of an applicant is that of a person who has indicated an interest in being considered for hiring, promotion, or other employment opportunities. This interest might be expressed by completing an application form, or might be expressed orally, depending upon the employer's practice.

44 Fed.Reg. 11996 (March 2, 1979) (Question and Answer 15), *available at* http://www.eeoc.gov/policy/docs/qanda_clarify_procedures.html. The term "employee" is defined in Title VII to mean "an individual employed by an employer," with certain exceptions not applicable here. 42 U.S.C. § 2000e(f).

Nottoway argues Salvato failed to explicitly state that she was an employee or an applicant. Nottoway cites no law for such a formal pleading requirement. When read as a whole, the complaint's allegations makes clear that Salvato was at least attempting to gain employment—and may indeed have been employed—by Nottoway. In fact, the EEOC's definition of "applicant" includes "a person who has indicated an interest in being considered for hiring." 44 Fed.Reg. 11996. Salvato explicitly alleges such an indication of interest. (Complaint, Doc. 1, ¶ 6). Because the complaint "pleads factual content that allows the court to draw the reasonable inference," *Iqbal*, 129 S.Ct. at 1949, that Salvato has alleged an employee-employer (or applicant-employer) relationship as required for Title VII liability, Salvato has complied with the applicable pleading standard and stated a plausible claim for relief.

### IV. Conclusion; Order

Accordingly, the Court DENIES defendant's motion to dismiss (Doc. 8).

Signed in Baton Rouge, Louisiana, on November 21, 2011.

 **JAMES J. BRADY, DISTRICT JUDGE**
 **MIDDLE DISTRICT OF LOUISIANA**